UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY A. CROZIER, | |
| Plaintiff, | 3: 10-cv-00082-LRH-VPC |
| vs. | **ORDER** |
| CORTEZ MASTO, *et al*, | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-2). The Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed in part.

**I.  Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v.*

1 | *Atkins*, 487 U.S. 42, 48 (1988).

2 | In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of the Complaint

### A. Defendants

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### B. Count I

Plaintiff claims in count I that he is subjected to strip searches and cell searches a minimum of eighteen times per week, often as often as forty times per week, pursuant to a policy which has no penological interest.

An inmate ordinarily has no reasonable expectation of privacy as to his jail cell or his possessions within it. *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996); *Hudson v. Palmer*, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 3199-3200, 82 L.Ed.2d 393 (1984). Thus, cell searches cannot establish a Fourth Amendment violation.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*;

*Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Body searches intended to harass may violate the Eighth Amendment prohibition against cruel and unusual punishment. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984). The court finds that under the facts alleged by plaintiff, he states a colorable Eighth Amendment claim based on an excessive number of strip searches.

Plaintiff alleges that whenever he is outside his cell, he is made to wear nothing but boxers and shoes, and that he is made to appear before other inmates and persons of the opposite gender. The Ninth Circuit has recognized that prisoners retain a limited right to bodily privacy grounded in the Fourth Amendment. *Michenfelder v. Sumner*, 860 F. 2d 328, 333 (9th Cir. 1988). However, limitations on the exercise of a prisoner's constitutional rights arise both from the fact of incarceration and from valid penological objectives. *Id.* at 331 (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987)). As such, a prisoner's right to privacy claim must be analyzed using a rational relationship test to determine whether the impingement on an inmate's right to privacy is "reasonably related to legitimate penological interests." *Michenfelder v. Sumner*, 860 F.2d at 333-34 (citing *Turner v. Safley*, 482 U.S. 78 (1987)). The court finds that plaintiff states a colorable Fourth Amendment claim based on the limited right to bodily privacy.

Plaintiff alleges that after he filed a grievance, defendants Peltzer, Chambliss, Cox, Baker, McDaniel, Brooks, and Wills retaliated against him and conspired against him by moving him to Unit 4, which was the "twenty-four hour psycho unit." Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. The court finds that under the facts alleged, plaintiff has stated a colorable First Amendment retaliation claim against the referenced defendants.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must

provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Plaintiff has stated a claim under the Eighth Amendment for unsanitary conditions that may proceed on the complaint.

To the extent that Plaintiff makes reference to equal protection violations, Plaintiff fails to state a claim under the Fourteenth Amendment. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege and that defendants acted with intentional discrimination against a class of inmates which included the plaintiff. *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). Plaintiff has not stated that he is a member of a protected class or that he has suffered any discrimination based on his membership in such a class. Therefore, plaintiff's equal protection claims must be dismissed.

Plaintiff alleges that despite being aware of the unconstitutional policies, practices, acts, and omissions of the other defendants, defendants Skolnik, Cortez Masto, Gibbons and Miller failed to act to produce meaningful policies to protect plaintiff's Constitutional rights. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section

1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993). The court finds that count I states a colorable claim against the referenced defendants based on supervisory liability.

Finally, plaintiff alleges that defendants deprived him of an adequate and meaningful grievance procedure. Prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. *Buckley*, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, the court finds that count 1 does not state a due process claim under the Fourteenth Amendment against defendants for allegedly improperly denying plaintiff's grievance.

To the extent that plaintiff attempts to state a First Amendment claim for denial of access to the court's based on his grievance procedures, the court also finds that plaintiff fails to state a claim upon which relief can be granted. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See Lewis v. Casey*, 518 U.S. 343, 353 n. 3, 354 - 55 (1996). It is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with the court. *Id.* at 354-55. Plaintiff has brought his claims to this court. Thus, no denial of access to the court has occurred. Plaintiff therefore does not state a First Amendment claim for denial of access to the courts.

///

### C. Count II

Plaintiff alleges that on two different occasions lasting approximately sixteen hours, defendants Brooks, McDaniel, Skolnik, Cox, and Baker denied him any form of water. During these sixteen-hour periods, plaintiff had no water to drink or to flush his toilet, despite pleas for water to defendants Brooks, Baker, and John Doe Bryant - cert sergeant. The court finds that these allegations state a colorable Eighth Amendment conditions of confinement claim.

Plaintiff alleges that during the service of dinner trays, correctional officers Hyman and Hunt "were instructed" to serve dinner to him while Department Maintenance sucked urine and feces out of his neighbor's toilet, causing feces particles to circulate in the air. At the same time, defendant John Doe Bryant and other correctional officers, positioned above plaintiff's cell, threw items over food carts, causing great dust around the food. Items thrown included boxers, socks and a mattress. Hyman and Hunt are not named as defendants in this action. The court finds that the factual allegations against John Doe Bryant are too *de minimus* to support an Eighth Amendment claim, either against him or against his supervisors.

The court further finds that plaintiff's allegations based on the grievance process fail to state a First Amendment claim under the legal standard stated above, as does his equal protection claim. Finally, based on the legal standard set forth above, plaintiff fails to state a claim based on supervisory liability in count II.

### D. Count III

Plaintiff alleges that on at least two occasions, defendants, "through their policies, acts, practices, and omissions," denied plaintiff a shower for over ninety-six hours. Plaintiff states that "whenever an issue arises, plaintiff is forced to take a shower every fourth or fifth day." The court finds that plaintiff's vague allegation about being "forced" to take a shower every fourth or fifth day, when an unspecified issue arises, is insufficient to state an Eighth Amendment conditions of confinement claim. The same is true regarding plaintiff's general allegation that on two occasions, he was denied a shower for over ninety-six hours. The court therefore concludes that count III fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** the Clerk of the Court shall **FILE** the complaint. (Docket #1-2.)

**IT IS FURTHER ORDERED** that plaintiff's Fourth Amendment claim in count I related to cell searches is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment equal protection claim in count I is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claim based on prison grievance procedures in count I is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's First Amendment claim for denial of access to the courts in count I is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claim in count II based on the alleged events during the service of dinner trays is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's First Amendment claim based on grievance procedures, Fourteenth Amendment equal protection claim, and all supervisory liability claims contained within count II are **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that count III is **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp.**

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

DATED this 7 day of October, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

9

```
_____
Name
_____
Prison Number (if applicable)
_____
Address
_____
_____
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____, )   Case No. _____
       Plaintiff,        )
                         )
v.                       )   **NOTICE OF INTENT TO**
                         )   **PROCEED WITH MEDIATION**
_____   )
                         )
_____   )
       Defendants.       )
_____)

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____
_____
_____
_____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).
_____
_____
_____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).
_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before twenty (20) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 2010.


_____
Signature


_____
Name of person who prepared or
helped prepare this document