# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEREMY A. CROZIER,

      Plaintiff,

vs.

CORTEZ MASTO, *et al*,

      Defendants.

3: 10-cv-00082-LRH-VPC

**ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, is pursuing a civil rights action pursuant to 42 U.S.C. § 1983. On October 8, 2010, the court entered an order finding that the original complaint must be dismissed in part and ordering the complaint served on defendants. (Docket #6.) On October 20, 2010, plaintiff filed a motion to file an amended complaint, attaching to his motion his first amended complaint. (Docket #8.) On November 2, 2010, the Attorney General filed a notice of acceptance of service for defendants. (Docket #9.)

Pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after serving it. Plaintiff filed his motion to file an amended complaint within 21 days of the date this court ordered the original complaint served on the Attorney General. Accordingly, plaintiff's motion to amend his complaint will be granted.

The court has screened plaintiff's first amended civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed in part.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449

U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of the Complaint

### A. Defendants

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### B. Count I

Plaintiff claims in count I that he is subjected to strip searches and cell searches a minimum of eighteen times per week, sometimes as often as forty times per week, pursuant to a policy which has no penological interest. An inmate ordinarily has no reasonable expectation of privacy as to his

1  jail cell or his possessions within it. *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996); *Hudson v.
2  Palmer*, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 3199-3200, 82 L.Ed.2d 393 (1984). Thus, cell
3  searches cannot establish a Fourth Amendment violation.

4        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
5  conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452
6  U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must
7  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*;
8  *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246
9  (9th Cir. 1982). Body searches intended to harass may violate the Eighth Amendment prohibition
10 against cruel and unusual punishment. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984). The court
11 finds that under the facts alleged by plaintiff, he states a colorable Eighth Amendment claim based
12 on an excessive number of strip searches.

13       Plaintiff alleges that whenever he is outside his cell, he is made to wear nothing but boxers
14 and shoes, and that he is made to appear before other inmates and persons of the opposite gender.
15 The Ninth Circuit has recognized that prisoners retain a limited right to bodily privacy grounded in
16 the Fourth Amendment. *Michenfelder v. Sumner*, 860 F. 2d 328, 333 (9th Cir. 1988). However,
17 limitations on the exercise of a prisoner's constitutional rights arise both from the fact of
18 incarceration and from valid penological objectives. *Id.* at 331 (citing *O'Lone v. Estate of Shabazz*,
19 482 U.S. 342 (1987)). As such, a prisoner's right to privacy claim must be analyzed using a rational
20 relationship test to determine whether the impingement on an inmate's right to privacy is
21 "reasonably related to legitimate penological interests." *Michenfelder v. Sumner*, 860 F.2d at 333-
22 34 (citing *Turner v. Safley*, 482 U.S. 78 (1987)). The court finds that plaintiff states a colorable
23 Fourth Amendment claim based on the limited right to bodily privacy.

24       Plaintiff alleges that after he filed grievances, he was subjected to repeated retaliation by
25 defendants Perkins, Jacoby, Westfall, Brooks, Baker, Chambliss, Cox, McDaniel, Peltzer, and Wills.
26 Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the
27 government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985);
28 *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie

4

case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. The court finds that under the facts alleged, plaintiff has stated a colorable First Amendment retaliation claim against the referenced defendants.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id*.; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Plaintiff has stated a claim under the Eighth Amendment for unsanitary conditions that may proceed on the complaint.

Plaintiff alleges that defendants Baker, Brooks, Cox, and McDaniel created, adopted or enforced policies, practices, acts and omissions which lead to the Constitutional violations of which he complaints. Plaintiff also alleges that as Prison Commissioners, defendants Cortez-Masto, Gibbons and Miller failed to create or approve prison policies that would have complied with federal law and prohibited abuse of prisoners. He claims that as a result of this failure, defendants Cortez-Masto, Gibbons and Miller have created an environment of staff abuse against plaintiff. Finally, plaintiff alleges that defendants Skolnik, Cox, McDaniel, Brooks, and Baker permit newly hired and untrained correctional officers to work at Ely State Prison, and to unknowingly violate prisoners' rights.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied,* 442 U.S. 941 (1979). To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy

itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993). The court finds that count I states a colorable claim against the referenced defendants based on supervisory liability.

### C.     Count II

Plaintiff alleges that on two different occasions lasting approximately sixteen hours, defendants Baker, Brooks, John Doe Bryant, and McDaniel denied him any form of water. During these sixteen-hour periods, plaintiff had no water to drink or to flush his toilet, despite pleas for water to defendants Brooks, Baker, and John Doe Bryant. The court finds that these allegations state a colorable Eighth Amendment conditions of confinement claim.

Plaintiff alleges that during the service of dinner trays, correctional officers Hyman and Hunt "were instructed" to serve dinner to him while Department Maintenance sucked urine and feces out of his neighbor's toilet, causing feces particles to circulate in the air. At the same time, defendant John Doe Bryant and other correctional officers, positioned above plaintiff's cell, threw items over food carts, causing great dust around the food. Items thrown included boxers, socks and a mattress. Hyman and Hunt are not named as defendants in this action. The court finds that the factual allegations against John Doe Bryant are state a colorable Eighth Amendment claim, based on conditions of confinement.

Plaintiff alleges Constitutional violations by defendants Cortez-Masto, Gibbons and Miller, as well as defendants Skolnik, Cox, McDaniel, Baker and Brook. The court finds these allegations to be duplicative of those set forth in count I.

Finally, plaintiff alleges that defendants McDaniel, Baker, Brooks, and John Doe Bryant unlawfully conspired together to shut off housing unit water during unit and cell searches, which lead directly to plaintiff's injuries.

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege specific facts to support the existence of a conspiracy among the defendants." *Buckey v.*

*County of Los Angeles*, 968 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Department,* 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some over act was done in furtherance of the conspiracy.  *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974).   The court finds that under the facts alleged, plaintiff states a colorable conspiracy claim.

### D.   Count III

Plaintiff alleges that on at least two occasions, defendants, "through their policies, acts, practices, and omissions," denied plaintiff a shower for over ninety-six hours.  Plaintiff claims that defendants Baker, Brooks, and McDaniel use the deprivation of showers as a punishment without a legitimate penological purpose.   Plaintiff claims that he is forced, due to the policies of defendants Baker, Brooks, and McDaniel to take his showers in full view of staff, prisoners and people of the opposite gender.  Plaintiff claims that the showers present a health and safety hazard due to no temperature control on the water and unsanitary conditions in the showers.  He claims that restraints are used inappropriately by defendants Jacoby, Perkins, Westfall, John Doe Bryant, COT Hyman and COT Hunt, resulting in cuts on his ankles and exposing him to infectious diseases.  Finally, plaintiff alleges that defendants have failed to produce adequate and meaningful policies regarding prisoner showers, which has lead to the above violations of plaintiff's civil rights.  The court finds that plaintiff states a colorable Eighth Amendment claim based on conditions of confinement and right to privacy.  It also finds that plaintiff states a colorable supervisorial liability claim against the named defendants.

### E.   Count IV

Plaintiff makes numerous allegations, most of which are vague and unsupported, and all of which are repetitive and duplicative of claims made in counts one, two and three.  The court will dismiss count four as duplicative and for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to file an amended complaint is **GRANTED.**  (Docket #8.)  The Clerk of the Court shall **FILE** the first amended complaint.  (Docket #8-1.)

**IT IS FURTHER ORDERED** count I states a colorable Eighth Amendment claim based on an excessive number of strip searches, a colorable Fourth Amendment claim based on the limited right to bodily privacy, a colorable First Amendment retaliation claim, a colorable Eighth Amendment claim based on unsanitary conditions of confinement, and a colorable supervisorial liability claim.

**IT IS FURTHER ORDERED** that all other claims within count I are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that count II states a colorable Eighth Amendment conditions of confinement claims based on deprivation of water and unsanitary conditions existing when food was served, and a colorable Eighth Amendment conspiracy claim.

**IT IS FURTHER ORDERED** that all other claims in count II are **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that count III states a colorable Eighth Amendment claim based on conditions of confinement and right to privacy, and a colorable supervisorial liability claim against the named defendants.

**IT IS FURTHER ORDERED** that all other claims in count III are **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that count IV is **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's first amended complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the newly named defendants: Alice Jacoby, John Doe Hyman, John Doe Hunt, John Doe Tycen, Justine Perkins, and Judy Westfall.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

DATED this 17th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE