|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |

**JEREMY CROZIER**                   )
        Plaintiff,                     )   3:10-cv-0082-LRH-VPC
                                  )
    v.                                   )   **REPORT AND RECOMMENDATION**
                                  )   **OF U.S. MAGISTRATE JUDGE**
**CORTEZ MASTO, ET AL.**              )
                                  )   April 28, 2011
        Defendants.                   )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to have plaintiff declared a vexatious litigant (#32).[1] Plaintiff opposed (#37) and defendants replied (#40). The court also considers several motions filed by plaintiff (#s 43, 48, 50, 52, 53, 56 & 57).

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Jeremy Crozier ("plaintiff") is an inmate at Warm Springs Correctional Center ("WSCC") in the custody of the Nevada Department of Corrections ("NDOC") (#35). Plaintiff filed his initial complaint and application to proceed *in forma pauperis* on February 11, 2010 (#1). The court granted plaintiff's application to proceed *in forma pauperis* on March 29, 2010 (#4). Plaintiff's amended complaint, after the court's screening pursuant to 28 U.S.C. § 1915A, includes several Eighth Amendment conditions of confinement claims, a Fourth Amendment claim based on the limited right to bodily privacy, a First Amendment retaliation claim, and supervisory liability claims (#12).

Defendants filed the instant motion to have plaintiff declared a vexatious litigant on February 2, 2011 (#32, p. 2). Defendants request that the court assess multiple strikes against plaintiff, restrict

---

[1] Refers to the court's docket numbers.

him from filing additional documents in this case without first receiving the court's approval, and prevent him from proceeding with further *in forma pauperis* litigation. *Id.* Defendants believe plaintiff should be declared a vexatious litigant and assessed six strikes because he has filed six civil actions against government officials, all of which were dismissed for failure to state a claim upon which relief can be granted at the screening stage.[2] *Id.* at 7. The court lists the relevant cases below:

> (1) 3:09-cv-0326: Judgment entered on April 22, 2010, dismissing the complaint with prejudice for failure to state a claim upon which relief may be granted (#21). Plaintiff appealed on May 6, 2011 (#22), and the appeal is ongoing.
>
> (2) 3:09-cv-0535: Judgment entered on December 13, 2010, dismissing the complaint and entire action with prejudice (#12). The screening order explains that plaintiff failed to state a claim for equal protection in counts one, two, and three; attempted to claim denial of access to the courts, a claim that is duplicative of plaintiff's action in 3:09-cv-326; failed to state a claim for a Fourth Amendment violation in count three; and failed to state a claim for denial of access to the courts in count four (#11). Plaintiff appealed on January 20, 2011 (#13), and the appeal is ongoing.
>
> (3) 3:09-cv-0755: Judgment entered on December 10, 2010, dismissing the complaint and entire action with prejudice, and dismissing all defendants with prejudice (#14). The screening order explains that plaintiff failed to state a claim for deliberate indifference to medical needs, equal protection, or substantive due process (#13). Likewise, plaintiff failed to state a cognizable civil rights claim against defendants Gibbons, Cortez-Masto, Miller, Skolnik, Cox, Bannister, Endel, McDaniel, Brooks, and Baker. *Id.* at 6. Plaintiff failed to link any other defendants with violations of his constitutional rights. *Id.* at 7. Plaintiff appealed on January 20, 2011 (#15), and the appeal is ongoing.
>
> (4) 3:10-cv-0208: Judgment entered on November 17, 2010, dismissing all defendants, and dismissing the entire action (#6). The screening order explains that "plaintiff has failed to name a single viable defendant in this Section 1983 civil rights action" (#5, p. 4). Plaintiff appealed on December 16, 2010 (#7), and the Ninth Circuit dismissed for failure to perfect the appeal (#13).
>
> (5) 3:10-cv-0328: Judgment entered on November 30, 2010, dismissing plaintiff's first amended complaint with prejudice for failure to state a claim for which relief may be granted (#13). Plaintiff appealed on January 31, 2011 (#15), and the Ninth Circuit dismissed for failure to perfect the appeal (#20).
>
> (6) 3:10-cv-0371: Judgment entered on January 14, 2011, dismissing plaintiff's second amended complaint for failure to state a claim for which relief may be granted (#11). Plaintiff appealed on February 10, 2011 (#12), and the Ninth Circuit affirmed

---

[2] In its search of the CM-ECF system, the court found ten civil actions filed in the U.S. District Court for the District of Nevada naming plaintiff as a party. Two cases settled (3:08-cv-0115 & 3:09-cv-0533) and two cases are open matters (3:09-cv-0694 & 3:10-cv-0082). The remaining six cases were dismissed and are the subject of the instant motion.

2

the District Court's judgment, finding that the "questions raised in this appeal are so insubstantial as not to require further argument" (#17).

Further, defendants cite to plaintiff's numerous motions in the instant case as evidence that he engages in "bad faith litigation" (#32, p. 7-9). The court's review of the docket for this case reveals that plaintiff has filed several motions in this case, which have been resolved, including:

(1) Motion to hold defendants in contempt of court (#14), which the court denied (#15). The court explained: "The basis of plaintiff's motion is his claim that defendants have failed to comply with the court's order requiring them to file their mediation form with the court. Plaintiff is mistaken. Defendants filed their form with the court on November 12, 2010 (#10)." *Id.*

(2) Motion for appointment of counsel (#16), which the court denied (#25), stating that "plaintiff has demonstrated that he is able to litigate this case on his own" by filing a complaint and motions in the instant dispute.

(3) Motion for a copy of complaint (#19), which the court granted (#26).

(4) Motion for reconsideration of the denial of plaintiff's motion for appointment of counsel (#27), which the court denied (#34). The court explained:

> The plaintiff has demonstrated that he is able litigate this case on his own while also litigating many other cases simultaneously. In fact, plaintiff has even attempted to litigate on behalf of all other inmates in the State of Nevada in at least two other cases, nos. 3:10-CV-0371-HDM (RAM), and no. 3:10-CV-0328-RCJ (RAM). Plaintiff is currently the subject to a motion by defendants to have him declared a vexatious litigant (#32). In fact, plaintiff has proceeded in a way which is detrimental to his case by refusing to appear for a court ordered status hearing (#28).
>
> Plaintiff has litigated his access to the law library and the Court found that the fact that plaintiff "finds the process for accessing legal materials somewhat cumbersome, does not amount an injury. . . ." (#19, case no. 3:09-CV-0326-RCJ (RAM)). Plaintiff continues to reallege this claim in subsequent lawsuits, i.e. case no. 3:09-CV-0535-LRH (RAM), which were dismissed.

Additionally, plaintiff has filed several motions, upon which the court has not yet ruled, including:

(1) Motion for sanctions for "defendants' failure to adhere to FRCP Rule [sic] 5(b)(2)(d)," in which plaintiff claims he did not receive a court order for the telephonic hearing on January 18, 2011 and that he did not consent to electronic service (#43).

(2) *Ex parte* motion for default judgment, in which plaintiff states that "at no time whatsoever [has he] received any answer, nor response" to his complaint (#48). Defendants' opposed the motion explaining that they did file an answer on March 18, 2011, but that the answer was first served in error upon plaintiff at his prior address in Ely State Prison (#49, p. 2). Defendants served their opposition and

3

attached answer on plaintiff at WSCC on April 11, 2011. *Id.* at 4. Plaintiff replied (#55).

(3) *Ex parte* motion to reinstate dismissed claims, arguing that the court erroneously dismissed plaintiff's Fourth, Eighth, and Fourteenth Amendment claims (#50).

(4) Motion for appointment of counsel, in which plaintiff states that his claim includes "complex legal issues, laws [that] are uncertain and unsettled in the areas presented by plaintiff's civil suit, and contains extrodinary [sic] circumstances that raise serious challenges for informed, well-trained, and experienced legal professionals" (#52).

(5) Motion to "terminate Attorney General Office legal representation of defendants," in which plaintiff argues that "[t]here is no evidence whatsoever, that any provision, nor prerequisites of NRS 41.0339, has been met in the instant matter . . . rendering the Nevada Attorney General . . . tendered legal defense of the Defendants, unlawful" (#53).

(6) Motion for temporary restraining order, requesting a "restraining order/preliminary injunction to prevent the defendant's [sic] unconstitutional working of a prison law library" (#56).

(7) Motion for preliminary injunction, which is a duplicate of docket number 56 (#57).

To further illustrate their point regarding plaintiff's litigation tactics, defendants specifically note that plaintiff filed three supplements to his motion for appointment of counsel (#'s 20, 22 & 23), none of which he served on defendants, for a total of approximately 300 pages. *Id.* at 8. Defendants also comment that plaintiff refused to participate in a hearing regarding the "parties' Notice of Intent to Not Proceed with Mediation," and plaintiff requested production of documents "that are overly burdensome and irrelevant" prior to the opening of discovery. *Id.* at 8-9.

Plaintiff opposes defendants' motion describing it as "unfounded, malicious, and otherwise moot" (#37, p. 2). Plaintiff notes that the cases cited by defendants as evidence that plaintiff should be assessed strikes were dismissed after he filed the instant case. *Id.* at 4. Therefore, plaintiff argues, he could not have acquired three strikes "prior" to filing the current case. *Id.* Plaintiff also believes that cases 3:10-cv-0208 and 3:09-cv-0755 were not dismissed for failure to state a claim. *Id.* at 5. Plaintiff accuses defendants of "mak[ing] unsupported, boilerplate false allegations" in their motion. *Id.* Plaintiff cites to the following examples as evidence of defendants' false claims: (1) defendants' contention that plaintiff is wasting judicial resources, despite plaintiff's perceived

4

relevance of his motions; (2) defendants' inclusion of the fact that plaintiff is in prison for second-degree murder, which plaintiff believes is irrelevant; (3) defendants' comments about the number of defendants plaintiff has sued, despite the lack of any statute or case law plaintiff can locate that restricts the number of defendants he may sue; (4) defendants' briefing regarding plaintiff's lengthy amendment of his complaint, despite the fact that it is plaintiff's right to amend his complaint; and (5) defendants' belief that plaintiff has a complete lack of respect for the court and that he files frivolous appeals, contentions with which plaintiff strenuously disagrees. *Id.* at 5-8.

## II. DISCUSSION & ANALYSIS

**A. Discussion**

**1. *In Forma Pauperis* Status - Three Strike Rule**

Under 28 U.S.C. § 1915(g), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and instead must pay the full $350.00 filing fee in advance, unless he is under imminent danger of serious physical injury. "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date" of April 26, 1996. *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

**2. Pre-filing Order**

The court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). However, because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id.* Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* "'An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a

1  vexatious litigant order was needed.'" *Id.* at 1059 (quoting *De Long*, 912 F.2d at 1147). To
2  determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the
3  number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.*
4  (quotation omitted). Finally, a pre-filing order "must be narrowly tailored to closely fit the specific
5  vice encountered." *Id.* (quotation omitted). A pre-filing order is overbroad if it prevents the litigant
6  from filing any suit in the court, or applies to a suit against anyone when the record showed the
7  plaintiff was litigious with respect to only one group of defendants. *Id.* at 1061. Whether to enter
8  a pre-filing order against a vexatious litigant lies within the court's discretion. *Id.* at 1056.

9  **B.    Analysis**

10  Defendants request that the court: "(1) declare Plaintiff a vexatious litigant ineligible for *in
11  forma pauperis* status; (2) enter an order restricting Plaintiff from filing anything in this case in the
12  future without first receiving the Court's express approval to do so; and (3) enjoin Plaintiff from *in
13  forma pauperis* litigation" (#40, p. 2). Plaintiff characterizes defendants' motion as "unfounded"
14  and "malicious in nature to prevent this otherwise litigimante [sic] complaint from being prosecuted"
15  (#37, p. 9). Plaintiff also notes that he is not prohibited from proceeding *in forma pauperis* in the
16  instant litigation because he "did not bring the instant matter 'prior' to having three (3) cases
17  dismissed, nor three (3) strikes." *Id.* at 4. The court first evaluates plaintiff's dismissed cases to
18  assess strikes, as necessary. The court then turns to the issue of whether to implement a pre-filing
19  order in the instant litigation. Finally, the court recommends denial of plaintiff's outstanding
20  motions.

21      **1.    *In Forma Pauperis* Status - Three Strike Rule**

22  As detailed above, plaintiff has filed six lawsuits that were dismissed at the screening stage
23  for failure to state a claim upon which relief may be granted. Plaintiff appealed all six dismissals
24  to the Ninth Circuit Court of Appeals. In two cases the Ninth Circuit dismissed plaintiff's appeal
25  for failure to perfect; in one case the Ninth Circuit affirmed the District Court's entry of judgment,
26  finding that the "questions raised in this appeal are so insubstantial as not to require further
27  argument;" and appeals are ongoing in the remaining three cases.

1     As an initial matter, plaintiff contends that 3:10-cv-0208 and 3:09-cv-0755 were not
2  dismissed for failure to state a claim. However, the court's review of the records in these cases
3  reveals that the court dismissed all defendants and the entire action in 3:10-cv-0208 because
4  "plaintiff has failed to name a single viable defendant in this Section 1983 civil rights action." The
5  court dismissed 3:09-cv-0755 because plaintiff failed to state a claim for deliberate indifference to
6  medical needs, equal protection, or substantive due process; failed to state a cognizable civil rights
7  claim against defendants Gibbons, Cortez-Masto, Miller, Skolnik, Cox, Bannister, Endel, McDaniel,
8  Brooks, and Baker; and failed to link any other defendants with violations of his constitutional rights.
9  The court finds that these dismissals are dismissals for failure to state a claim upon which relief can
10 be granted, as a legitimate claim requires not only factual support for each element of the claim, but
11 it must also be asserted against a viable defendant who is factually linked to the purported
12 constitutional violation.
13    Therefore, pursuant to 28 U.S.C. § 1915(g), the court finds that plaintiff has on three
14 occasions, in cases 3:10-cv-0208, 3:10-cv-0328, and 3:10-cv-371, brought an action that was
15 dismissed for failure to state a claim upon which relief can be granted, for which plaintiff has
16 exhausted the appeals process. Therefore, the court recommends that in any future litigation plaintiff
17 "must pay the full $350.00 filing fee in advance, unless he is under imminent danger of serious
18 physical injury." 28 U.S.C. § 1915(g). However, plaintiff may proceed *in forma pauperis* in the
19 instant case because the dismissal of cases 3:10-cv-0208, 3:10-cv-0328, and 3:10-cv-371 occurred
20 after plaintiff filed the instant case in February 2010. The court did not assess strikes for the
21 remaining three cases, 3:09-cv-0326, 3:09-cv-0535, and 3:09-cv-0755, which were also dismissed
22 for failure to state a claim upon which relief can be granted, because the appeals process is ongoing
23 for these three cases. Further, though plaintiff could receive strikes for these cases upon completion
24 of the appeals process, it is unnecessary for the court to assess additional strikes because plaintiff is
25 already barred from proceeding *in forma pauperis* in any future litigation.
26    **2. Pre-filing Order**
27    Defendants also request that the court enter a pre-filing order in the instant dispute, restricting

7

1  plaintiff from filing further documents in the instant case without first receiving the court's approval.
2  Filing such an order is within the court's discretion based on considerations delineated in *Molski,*
3  including whether the opposing party had an opportunity to be heard, a description of the cases and
4  motions that led the court to conclude the opposing party filed frivolous or harassing documents, and
5  the development of a narrowly tailored pre-filing order.  Here, plaintiff had an opportunity to be
6  heard on the issue of whether to impose a pre-filing order, as he filed an opposition brief to
7  defendants' motion to have plaintiff declared a vexatious litigant.  Additionally, defendants and the
8  court detailed the record of plaintiff's six filings, which have all been dismissed for failure to state
9  a claim, and the eleven motions plaintiff has filed in the instant case, seven of which currently
10 remain undecided.  Finally, defendants request that plaintiff seek permission from the court prior to
11 filing documents only in the current matter, thus seeking to narrowly tailor their request to address
12 plaintiff's conduct in the instant case.

13       The court believes that plaintiff's inability to proceed *in forma pauperis* in future litigation
14 addresses defendants' concerns regarding plaintiff's numerous, unsuccessful civil rights lawsuits.
15 Therefore, the remaining concern regarding plaintiff's litigation tactics for the court to address is
16 plaintiff's motion practice in the instant litigation.

17       First, the court finds that plaintiff files redundant motions, such as plaintiff's filing of a
18 motion for appointment of counsel, a motion for reconsideration of his motion for appointment of
19 counsel, and a second motion for appointment of counsel.  Second, plaintiff files motions that do not
20 address legal issues the court allowed to proceed after its screening of plaintiff's complaint.  For
21 example, plaintiff's motion for reconsideration of his motion for appointment of counsel, and his
22 duplicative motions for temporary restraining order and preliminary injunction, all speak to
23 plaintiff's complaints about the adequacy of the prison law library.  As the court already explained
24 when it denied plaintiff's motion for reconsideration:  "Plaintiff has litigated his access to the law
25 library and the Court found that the fact that plaintiff 'finds the process for accessing legal materials
26 somewhat cumbersome, does not amount an injury. . . .' (#19, case no. 3:09-CV-0326-RCJ (RAM)).
27 Plaintiff continues to reallege this claim in subsequent lawsuits, i.e. case no. 3:09-CV-0535-LRH

8

(RAM), which were dismissed."

Finally, plaintiff files motions that lack merit and are not grounded in relevant, applicable law. For example, plaintiff's request to have the Attorney General's Office removed as counsel for defendants and his request that the court enter default judgment against defendants for an error in service are without merit. The court also finds plaintiff's motion for sanctions for "defendants' failure to adhere to FRCP Rule [sic] 5(b)(2)(d)" to be without merit. In this motion plaintiff claims he did not receive a court order for the telephonic hearing on January 18, 2011, and that he did not consent to electronic service . The court's records reveal that the clerk of the court served plaintiff with the court's order regarding the telephonic hearing by mail (#21). Further, the minutes of the telephonic hearing show that the court received "a document entitled, 'Nevada Department of Corrections Ely State Prison legal teleconferencing/hearing acknowledgment/refusal'" (#28). Therefore, the court finds that plaintiff's motion for sanctions against defendant for their failure to serve plaintiff with the court's order is both inappropriate, as it is not defendants' role to serve the court's orders on plaintiff, and also disingenuous, as the record reflects plaintiff's conscious disregard of the court's order to appear at the hearing.

Therefore, in the interest of judicial economy, the court agrees with defendants that plaintiff should be declared a vexatious litigant. The court believes that a pre-filing order is appropriate in this case, as plaintiff received an opportunity to be heard when he opposed defendants' motion, the court compiled an adequate record for review by listing the previous cases filed by plaintiff and the motions filed in the instant dispute, the court made substantive findings as to the frivolousness or harassing nature of plaintiff's filings, and the court narrowly tailored the remedy.

The court recommends that the clerk of this court not file or accept any further pleadings, papers, or documents from plaintiff without first obtaining leave of the court. If plaintiff wishes to properly file a motion or other document with the court, he shall provide a copy of that document along with a letter requesting that the document be accepted for filing. If the court does not grant permission to file the document, in writing, within thirty days of the date of the letter, permission will be deemed denied. Plaintiff is permitted to oppose motions brought by defendants without

seeking leave of the court. This recommendation is limited to this case.

**3. Plaintiff's Outstanding Motions**

In accordance with the reasoning above, the court recommends denial of plaintiff's outstanding motions, as follows:

(1) Motion for sanctions for "defendants' failure to adhere to FRCP Rule [sic] 5(b)(2)(d)" in which plaintiff claims he did not receive a court order for the telephonic hearing on January 18, 2011 and that he did not consent to electronic service (#43). The court recommends that this motion be denied because it is not defendants' role to serve plaintiff with the court's orders. Additionally, there is evidence in the record that plaintiff received the court's order and refused to attend the telephonic hearing.

(2) *Ex parte* motion for default judgment, in which plaintiff states that "at no time whatsoever [has he] received any answer, nor response" to his complaint (#48). Defendants' opposed the motion explaining that they did file an answer on March 18, 2011, but that the answer was first served in error upon plaintiff at his prior address in Ely State Prison (#49, p. 2). Defendants served their opposition and attached answer on plaintiff at WSCC on April 11, 2011. *Id.* at 4. Plaintiff replied (#55). The court recommends that this motion be denied as defendants corrected the error in service approximately three weeks after filing their answer with the court. The court issued a scheduling order on March 22, 2011, stating that discovery is due in this matter by June 20, 2011 (#47). The court does not anticipate an appreciable adverse effect on plaintiff's ability to comply with the scheduling order due to the delay in receiving defendants' answer; however, the court will consider a motion by plaintiff for additional time should it become necessary.

(3) Motion for appointment of counsel, in which plaintiff states that his claim includes "complex legal issues, laws [that] are uncertain and unsettled in the areas presented by plaintiff's civil suit, and contains extrodinary [sic] circumstances that raise serious challenges for informed, well-trained, and experienced legal professionals" (#52). The court recommends that this motion be denied because plaintiff has proven that he is capable of filing a complaint and motions in the instant case.

(4) Motion to "terminate Attorney General Office legal representation of defendants," in which plaintiff argues that "[t]here is no evidence whatsoever, that any provision, nor prerequisites of NRS 41.0339, has been met in the instant matter . . . rendering the Nevada Attorney General . . . tendered legal defense of the Defendants, unlawful" (#53). The court recommends that this motion be denied because it lacks merit.

(5) Motion for temporary restraining order, requesting a "restraining order/preliminary injunction to prevent the defendant's [sic] unconstitutional working of a prison law library" (#56). The court recommends that this motion be denied because it includes claims not permitted to advance in the underlying complaint. Additionally, plaintiff previously complained about the adequacy of the prison library system and the court ruled against him.

(6) Motion for preliminary injunction, which is a duplicate of docket number 56 (#57). This motion should be denied for the reasons stated above.

1    Plaintiff also filed an *ex parte* motion to reinstate dismissed claims (#50), which was not
2 addressed in the court's pre-filing order discussion.  Plaintiff argues that the court erroneously
3 dismissed plaintiff's Fourth, Eighth, and Fourteenth Amendment claims. *Id.*  The court construes
4 this motion as a motion to alter or amend the court's screening order (#12), and notes that the motion
5 is inappropriately filed *ex parte*.  For this procedural infirmity and for the substantive reasons
6 detailed below, the court recommends that the motion be denied.

7    Where a ruling has resulted in final judgment or order, a motion for reconsideration may be
8 construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure
9 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J*
10 *Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236
11 (1994).  Motions to reconsider are generally left to the discretion of the trial court. *See Combs v.*
12 *Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).

13   In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly
14 convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v.*
15 *City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other*
16 *grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal Rules of Civil Procedure provides
17 that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the
18 judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly
19 unusual circumstances, unless the district court is presented with newly discovered evidence,
20 committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,*
21 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.
22 1999)).

23   In its screening order dated November 28, 2010, the court dismissed several of plaintiff's
24 claims for failure to state a claim upon which relief can be granted (#12).  First, plaintiff untimely
25 filed this motion on April 12, 2011.  Additionally, plaintiff has failed to make an adequate showing
26 under Rule 59(e) that the court's order dismissing these claims should be reversed.  Plaintiff's
27 disagreement with the court as to which claims should be permitted to proceed upon screening is not

11

sufficient to overcome the requirement that he allege facts to establish the elements of constitutional claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the court recommends that plaintiff's motion (#50) be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' motion to have plaintiff declared a vexatious litigant (#32) be granted pursuant to guidance outlined in this Report and Recommendation. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to have plaintiff declared a vexatious litigant (#32) be **GRANTED** as follows:

1. Plaintiff is enjoined from proceeding *in forma pauperis* in any future litigation without paying the full $350.00 filing fee in advance, unless he is under imminent danger of serious physical injury. However, plaintiff may continue to proceed *in forma pauperis* in the instant case.

2. If plaintiff wishes to properly file a motion or other document with the court concerning the instant case, he shall provide a copy of that document along with a letter requesting that document be accepted for filing. If the court does not grant permission to file the document, in writing, within thirty days of the date of the letter, permission will be deemed denied. Plaintiff is permitted to oppose motions brought by defendants without seeking leave of the court. This recommendation is limited to this case.

///

///

///

**IT IS FURTHER RECOMMENDED** that plaintiff's motions (#s 43, 48, 50, 52, 53, 56, 57) be **DENIED**.

**DATED:** April 28, 2011.

*Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**